IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 06-cv-00054-REB-CBS

RUDY A. LUJAN,

      Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA, a Tennessee Corporation,
BRENT CROUSE, individually and in his official capacity as Warden of the Crowley County Correctional Facility ("CCCF"),
RAYMOND ROMERO, individually and in his official capacity as Gang Investigator, CCCF, and
MUNOZ, individually and in his official capacity as Gang Investigator, CCCF,

      Defendants.

## ORDER

Upon Motion of the parties, and good cause appearing therefore, it is ordered;

1. This Protective Order shall apply to all confidential information. Confidential information may be found within documents, audio recordings, video recordings, written or oral materials, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure. If confidential information is found within a document containing non-confidential information, only the confidential information will be designated as such.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

1640152.1

3.  Information designated "CONFIDENTIAL" includes information that is confidential and implicates common law and statutory privacy interests of (a) current or former CCA employees, and (b) current or former inmates. The parties agree that CONFIDENTIAL information may include information found in the contract(s) between CCA and the State of Colorado, the State of Wyoming, and the State of Washington; CCA/CCCF written policies, procedures and post orders; monitoring or audit reports regarding the operation of CCA/CCCF conducted by CCA or any other entity, current or former CCA/CCCF employee employment and personnel files and confidential information relating to the security of CCA's Crowley County Correctional Facility.

CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. CONFIDENTIAL information may not be disclosed to the media.

4.  CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a.  attorneys actively working on this case;

    b.  persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c.  fact witnesses, other than former or current former inmates and their relatives;

        d.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

        e.    the Court and its employees ("Court Personnel");

        f.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

        g.    other persons by written agreement of the parties.

If Plaintiff's counsel or experts are required by law or court order to disclose Defendants' CONFIDENTIAL Information to any person or entity not identified above, the name of that person or entity will be furnished to Defendants' legal counsel as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that Defendants may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order.

    5.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

    6.    CONFIDENTIAL information is designated as CONFIDENTIAL by placing or affixing on it (in a manner that will not interfere with its legibility) the following or

other appropriate notice: "CONFIDENTIAL INFORMATION-SUBJECT TO PROTECTIVE ORDER."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. The procedure for use of information designated as CONFIDENTIAL Information during any hearing or the trial of this matter shall be as follow.

    a. The Court Reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL Information separately. This request will be made on the record whenever practical.

    b. The cover of any portion of a transcript that contains testimony or documentary evidence that has been designated Confidential Information will be prominently marked with the legend: "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER."

    c. All portions of the transcripts designated as Confidential Information will be sealed and will not be disseminated except to the persons identified in Paragraph 3.

9. All pleadings that contain CONFIDENTIAL Information shall be filed in the public records in redacted form, with as few redactions as possible. An un-redacted version

1640152.1                                    - 4 -

will be filed under seal with the Clerk of the Court. The un-redacted version will be filed in a sealed envelope prominently marked with the caption of the case, the identity of the party filing the envelope, and labeled: "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER."

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. Within two years of the conclusion of this case, unless other arrangements are agreed upon, all CONFIDENTIAL information shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL information. Where the parties agree to destroy CONFIDENTIAL information, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. Nothing in this Protective Order precludes Plaintiff or Defendants from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of information, or relief from the Protective Order.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

BY THE COURT:

_____
CRAIG B. SHAFFER
District Court Magistrate Judge

Dated: June 12, 2006.